2026 IL App (1st) 250641-U

No. 1-25-0641

Order filed August 7, 2026

Sixth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| RONALD WRIGHT, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No. 24 CH 00067 |
| | ) | |
| THE ILLINOIS STATE POLICE and THE COOK | ) | |
| COUNTY STATE'S ATTORNEY'S OFFICE, | ) | Honorable |
| | ) | Cecilia A. Horan, |
| Defendants-Appellees. | ) | Judge, presiding. |

_____

JUSTICE PUCINSKI delivered the judgment of the court.
Presiding Justice C.A. Walker and Justice Gamrath concurred in the judgment.

**ORDER**

¶ 1   *Held*: The trial court did not abuse its discretion where it affirmed the denial of petitioner's petition to restore firearm rights because it would be contrary to the public interest. The court did not err in considering petitioner's expunged or sealed criminal records.

¶ 2   Plaintiff Ronald Wright appeals *pro se* from the trial court's order denying his "petition to restore fire arms rights," seeking relief from the decision of the Illinois State Police (ISP) to deny his application for a Firearm Owners Identification (FOID) card. On appeal, Wright argues that

the trial court erred by allowing the introduction of sealed or expunged records and making factual determinations against the manifest weight of the evidence. We affirm.

¶ 3    On November 17, 2023, Wright submitted to ISP an application for a FOID card. ISP denied the application on November 22, 2023.

¶ 4    On January 4, 2024, Wright filed a *pro se* "petition to restore fire arms rights" in the trial court pursuant to section 10(c) of the FOID Card Act (Act) (430 ILCS 65/10(c) (West 2024)), seeking relief from ISP's denial of his FOID card application. Wright amended the petition to include the Cook County State's Attorney's Office as a defendant. In the amended complaint, Wright asserted that he lacked a criminal background and that his doctor submitted a certified mental health evaluation finding Wright was not a threat to himself or the public.

¶ 5    On March 6, 2024, Wright filed a "motion to suppress any and all records [he] had that were expunged or sealed" that "defendants try to use in this case."

¶ 6    On May 24, 2024, the court granted ISP leave to file its official business records under seal. These records, which are included in the record on appeal, included Wright's FOID card application and criminal history.

¶ 7    On June 21, 2024, the Cook County State's Attorney's Office filed an objection to Wright's petition. The State's Attorney's Office argued that granting relief to Wright would be contrary to the public interest because Wright had been convicted of several felonies and had falsely represented that he had never been convicted of a felony on his FOID card application.

¶ 8    On July 12, 2024, ISP filed unredacted and redacted versions of its own objection to Wright's petition and motion to suppress expunged records. Therein, ISP acknowledged that, on December 11, 2023, it received a mental health certification from a psychologist indicating that Wright was not a clear and present danger to himself or to others. ISP therefore determined that

he was not prohibited from obtaining a FOID card based on his mental health. However, like the State's Attorney's Office, ISP argued that granting relief to Wright would be contrary to the public interest, given his criminal history and the misrepresentations on his FOID card application. ISP also asserted that federal law prohibited Illinois courts from granting relief as it was unclear whether Wright's sealed Indiana felony convictions were expunged.

¶ 9    Regarding the motion to suppress, ISP argued that it was authorized to consider sealed or expunged felony convictions under section 12(a) of the Criminal Identification Act (20 ILCS 2630/12(a) (West 2024)). ISP contended that Wright was required to disclose his felony convictions regardless of whether they had been sealed and that failing to do so demonstrated a disregard for the law.

¶ 10    On February 19, 2025, the trial court held an evidentiary hearing where Wright appeared *pro se*. Wright submitted copies of court orders dated October 3, 2024, vacating his 2006 conviction for unlawful use of a weapon (case number 05 CR 24169) and 2008 conviction for aggravated unlawful use of a weapon (case number 07 CR 16501). Wright presented his testimony and two character witnesses.

¶ 11    Wright testified that his 2006 and 2008 convictions were vacated. In October 2014, Wright pled guilty to aggravated unlawful use of a weapon predicated on lacking a FOID card (case number 13 CR 11024) and received three years in prison. An appeal from that conviction was pending at the time of the hearing.[1] Wright explained that he worked in security, and possessing a

---

[1] This court affirmed the circuit court's dismissal of Wright's petition for relief from judgment, finding that the aggravated unlawful use of a weapon statute underlying Wright's conviction was not facially unconstitutional. *People v. Wright*, 2025 IL App (1st) 241047-U, ¶ 14.

FOID card would afford him more job opportunities. Wright also wished to work in law enforcement, and he had passed a firearm safety course.

¶ 12    Althea Jacobs testified that she met Wright about three years ago at a public library where they worked. Jacobs described Wright as a "hardworking young man," who was "very respectful and helpful." Jacobs thought Wright would make a "great" police officer. She knew about one of his convictions, but not the rest of his criminal history.

¶ 13    Linda Casey, Wright's aunt, testified that she knew about two of his felony convictions. Casey acknowledged that Wright had "been harmful to himself and has hurt others," but she had "watched [him] mature into an industrious young man who is making good decisions and helping others." Casey believed that Wright's experiences prepared him to be a police officer.

¶ 14    On April 8, 2025, the trial court entered an order denying Wright's motion to suppress his expunged or sealed convictions and affirming the denial of his application for a FOID card.

¶ 15    Regarding Wright's motion to suppress, the court explained that an appeal from at least one felony conviction remained pending at the time of the order and that conviction had neither been sealed nor expunged. Moreover, law enforcement agencies are exempt from the rule prohibiting private and public entities from considering expunged or sealed records in "employment matters, certification, licensing, revocation of certification or licensure, or registration." See 20 ILCS 2630/12(a) (West 2024).

¶ 16    Regarding Wright's FOID card application, the trial court recited the criteria for relief under section 10(c) of the FOID Card Act. Wright had never been convicted of a forcible felony, but had been convicted of firearm offenses three times, suggesting that he lacked respect for firearms law. Further, Wright failed to show that his criminal history and reputation were such that he would not be likely to act in a manner dangerous to public safety. Rather, Wright acted contrary

to the public interest by failing to acknowledge his prior felony convictions on his application, even though his felony convictions had not been vacated or expunged at that time.

¶ 17    On appeal, Wright argues that the trial court erred in denying his petition for relief from ISP's denial of his FOID card application. Specifically, Wright contends that the trial court erred in finding that issuing a FOID card would be contrary to public interest because Wright lied on his application where his conviction records were sealed or expunged. Wright also argues that the trial court erred in (1) allowing ISP to introduce evidence of Wright's FOID card application at the evidentiary hearing and (2) ruling that ISP was not prohibited from considering his expunged or sealed records in assessing his FOID card application.

¶ 18    Wright contends that we should apply the manifest weight of the evidence standard of review. Our supreme court, however, has established that a trial court's denial of a petition for review from the denial of a FOID card is reviewed for an abuse of discretion. *Evans v. Cook County State's Attorney*, 2021 IL 125513, ¶¶ 39, 41. "An abuse of discretion occurs when the ruling is arbitrary, fanciful, or unreasonable or when no reasonable person would adopt the trial court's view." *People v. Heintz*, 2026 IL 131340, ¶ 37.

¶ 19    An individual whose FOID card application was denied may petition the trial court for relief from that denial. 430 ILCS 65/10(a) (West 2024). At the hearing, the trial court "shall determine whether substantial justice has been done." *Awkerman v. Illinois State Police*, 2023 IL App (2d) 220434, ¶ 62. To obtain relief, the petitioner bears the burden of establishing section 10(c)'s requirements. *Id.*

¶ 20    Section 10(c) states in relevant part:

"Any person prohibited from *** acquiring a Firearm Owner's Identification Card under Section 8 of this Act may *** petition the circuit court in the county where the petitioner

resides, *** requesting relief from such prohibition and the *** court may grant such relief if it is established by the applicant to the court's *** satisfaction that:

***

(1) the applicant has not been convicted of a forcible felony under the laws of this State or any other jurisdiction within 20 years of the applicant's application for a Firearm Owner's Identification Card, or at least 20 years have passed since the end of any period of imprisonment imposed in relation to that conviction;

(2) the circumstances regarding a criminal conviction, where applicable, the applicant's criminal history and his reputation are such that the applicant will not be likely to act in a manner dangerous to public safety; [and]

(3) granting relief would not be contrary to the public interest; and

(4) granting relief would not be contrary to federal law." 430 ILCS 65/10(c) (West 2024).

¶ 21    Here, the trial court acted within its discretion in finding that Wright had not established that he was not likely a threat to public safety and that granting him a FOID card was not against the public interest. Wright had multiple felony firearm convictions, which he did not disclose on his FOID card application. When Wright completed the application, his convictions had not been vacated or expunged. Further, at least one of his firearm convictions had not been vacated or expunged at the time of the hearing. The trial court's finding that substantial injustice had not been done in ISP denying Wright's FOID card application based on his criminal history involving firearm offenses and failure to disclose his convictions on his FOID card application was not "arbitrary or fanciful." *People v. Morgan*, 2025 IL 130626, ¶ 23.

¶ 22    Wright contends that ISP erroneously considered his expunged records in assessing his application, he did not intentionally lie on his application where his prior convictions were

ultimately expunged as "if [they] never happened," and his FOID card application should not have been released for the trial court's consideration. Wright asserts that ISP was prohibited from introducing evidence of his FOID card application and related records under *Hart v. Illinois State Police*, 2023 IL 128275. In *Hart*, FOID card applicants requested release of their applications and related records under the Freedom of Information Act (FOIA) (5 ILCS 140/1 *et seq.* (West 2018)), which ISP denied. *Hart*, 2023 IL 128275, ¶ 1. Our supreme court agreed with ISP, finding that the applicants were not entitled to the disclosure of the requested information under FOIA. *Id.* ¶ 24. *Hart* is inapposite, because, in this case, FOIA and public access to Wright's information was not at issue.

¶ 23    Here, ISP considered Wright's criminal history for internal purposes in reviewing his application. Section 12(a) of the Criminal Identification Act permitted ISP's consideration of expunged or sealed records in matters of certification, licensing, or registration. See 20 ILCS 2630/12(a) (West 2024) (stating that law enforcement agencies are exempt from the rule prohibiting private or public entities from considering expunged or sealed records). Moreover, all sealed records are subject to inspection and use by the court, law enforcement agencies, and State's Attorneys in carrying out the duties of their offices. *Id.* § 13(b). Wright has not provided any bases for finding that his FOID card application and criminal history were improperly considered in denying his FOID card application at the evidentiary hearing. We therefore find that the trial court acted within its discretion in denying Wright's request for relief from ISP's denial of his FOID card application.

¶ 24    For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

¶ 25    Affirmed.